UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAMION L. DAVIS,

       Petitioner,

v.                                                  Case No. 6:10-cv-1361-Orl-36GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.
_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon consideration of the petition (Doc. No. 1), the Court ordered Respondents to show cause why the relief sought should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 20).

Petitioner alleges six claims. For the following reasons, the petition is denied.

*I.     Procedural History*

Petitioner was charged with first degree murder and possession of a firearm by a convicted felon. A jury trial was conducted, and the jury found Petitioner not guilty of murder and guilty of possession of a firearm by a convicted felon. The trial court subsequently found that Petitioner violated his probation based on his conviction. The trial court sentenced Petitioner to consecutive fifteen-year terms of imprisonment for the possession of a firearm conviction and the violation of probation conviction.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state court denied the motion, and Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed.

Petitioner received a belated direct appeal from his conviction for possession of a firearm by a convicted felon. The Fifth District Court of Appeal of Florida affirmed the conviction *per curiam*.

## II.  Legal Standards

### A.  Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh

2

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.     *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.   Analysis

    A.   *Claims One, Two, and Three*

In claim one, Petitioner asserts that the trial court fundamentally erred by accepting a general verdict on the charge of possession of a firearm by a convicted felon because the jury verdict did not distinguish between the two firearms presented into evidence. In claim two, Petitioner contends that the trial court fundamentally erred by allowing the jury to

4

deliberate on two separate instances of possession of a firearm when Petitioner was charged with only one count of possession of a firearm. In claim three, Petitioner maintains that a manifest injustice occurred because the jury did not find all of the elements of the offense were proven and did not return a unanimous verdict. Respondents assert that these claims are procedurally barred from review.

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citations omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

With respect to claim one, review of Petitioner's appellate brief establishes that he did not raise the issue of the general verdict as an issue of federal law. Petitioner cited only state law in support of his claim. Thus, claim one is unexhausted.

Petitioner raised claims two and three in his Rule 3.850 motion. The state court determined that these claims should have been raised on direct appeal. Therefore, claims two and three are procedurally barred from review by this Court, absent application of an exception to the procedural default bar, because they were found to be procedurally barred

5

by the state court.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims one, two, and three are procedurally barred from review.[2]

## B.   *Claim Four*

Petitioner asserts that counsel rendered ineffective assistance by failing to adequately argue the motion for judgment of acquittal. In support of this claim, Petitioner

---

[2]Alternatively, the Court notes that these claims raise purely state law issues. The Eleventh Circuit has held "[q]uestions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (citations omitted) (holding that state court's determination that trial court did not err in refusing to give a jury instruction based on construction of state statute did not warrant federal habeas review). Moreover, "[a] defective jury charge raises an issue of constitutional dimension only if it renders the entire trial fundamentally unfair." *Carrizales*, 699 F.2d at 1055 (citing *Smith v. Smith*, 454 F.2d 572, 579 (5th Cir. 1971)). Claims one through three are not cognizable in this action because they involve only questions of state law and the entire trial was not rendered fundamentally unfair.

6

contends that the evidence did not establish that the firearms found in the home in which Petitioner was alleged to be staying were his.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief. (App. H at 3.) The state court reasoned that evidence was presented that Petitioner shot the victim with a handgun and possessed a rifle. *Id*. The state court concluded, therefore, that there was sufficient evidence to establish the elements of the offense, and the existence of two guns did not provide a basis for acquittal. *Id*.

The state court's denial of this claim is supported by the record. The evidence presented at trial included testimony that Petitioner shot the victim with a handgun and was seen in a home in which he was staying with a rifle. Assuming counsel had moved for a judgment of acquittal on the basis of evidence of two guns, no basis existed to grant the motion because sufficient evidence was presented to establish the elements of the offense and to allow the jury to consider the evidence. Thus, Petitioner has not demonstrated a reasonable probability exists that the outcome of the proceeding would have been different had counsel moved for a judgment of acquittal on this basis. Accordingly, claim four is denied pursuant to Section 2254(d).

  C. *Claim Five*

Petitioner asserts that counsel rendered ineffective assistance by failing to object to the verdict form. Petitioner contends that counsel should have objected to the general verdict form because it did not ensure a unanimous verdict on the matter of which firearm he possessed.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief.

7

(App. H at 4-5.) The state court reasoned that if counsel had requested and been granted a special verdict requiring the jury to determine that Petitioner possessed the rifle, the jury heard sufficient evidence to convict Petitioner for possession of the rifle. *Id.*

The state court's denial of this claim is neither contrary to, nor an unreasonable application of, *Strickland*. The evidence presented at trial included testimony from two witnesses who said that they observed Petitioner with a rifle in the bedroom of a house in which he was staying. (App. A at 423-25, 444, 511-13.) A rifle was found in the closet of the bedroom of the house and was admitted into evidence. Thus, the jury heard substantial evidence that Petitioner possessed a rifle. In light of the evidence presented, the Court concludes that a reasonable probability does not exist that the outcome of the trial would have been different had counsel requested a special verdict form. Accordingly, claim five is denied pursuant to Section 2254(d).

    **D.**    *Claim Six*

Petitioner maintains that counsel rendered ineffective assistance by failing to object to the trial court's vindictive sentence. Petitioner argues that the trial judge participated in the plea negotiations and offered a fifteen-year sentence on all charges but subsequently sentenced him to thirty years.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief. (App. H at 5-6.) The state court determined that the trial judge did not participate in the plea negotiations and simply advised Petitioner of the maximum sentences he faced if he proceeded to trial and was convicted. *Id.*

This claim is refuted by the record. Prior to trial, the prosecutor placed the plea offer on the record. (App. A at 264-75.) The trial court allowed Petitioner to consult with his attorney and family to determine whether he wished to accept the offer. *Id.* The trial court further explained the potential sentence Petitioner faced were he to be convicted after a trial. *Id.* The trial court did not offer a plea, negotiate a plea, participate in the plea process, or seek to persuade Petitioner to take the plea. Instead, the trial court simply ensured that Petitioner understood the penalties he faced and had an adequate opportunity to consider the plea offer. Petitioner, therefore, has failed to demonstrate that counsel was deficient for failing to object to the sentence imposed or that prejudice resulted from counsel's failure to do so. Accordingly, claim six is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.  However, a prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Damion L. Davis is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of March, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 3/19
Counsel of Record
Damion L. Davis